REED, Chief Judge.
The appellants, Doyle Conner, the Commissioner of Agriculture, and Rom W. Powell, County Solicitor of Orange County, Florida, filed a civil action in the Circuit Court for Orange County, Florida, against Glenn W. Turner, Glenn W. Turner Enterprises, Inc., and Dare To Be Great, Inc. The complaint sought among other things a temporary and a permanent injunction prohibiting defendants from operating a plan or scheme allegedly in violation of F.S. Section 849.091, F.S.A. (which prohibits chain letters, pyramid clubs, etc.). The complaint alleges that defendants operate a business which involves the sale of personal motivation courses. Such courses are allegedly sold in four parts and under a sales plan whereby a person who buys the third or fourth part of the course may “. . . sell and enroll other persons and receive a commission for such sale or enrollment.” The appellants’ legal theory is that this sales program violates F.S. Section 849.-091, F.S.A., and, therefore, those who conduct it are guilty of maintaining a nuisance as defined in F.S. Section 823.05, F.S.A., and are subject to injunction under F.S. Section 60.05, F.S.A.
After a preliminary hearing, the trial judge by an order dated 27 July 1971, denied a temporary injunction against the defendants. This is the order from which the appellants have filed the present interlocutory appeal. From the order it appears that the trial court heard testimony and considered “An Offer of Proof” submitted by defendants and based its ruling thereon. The appellants have not brought us the testimony which was apparently before the court, but have included in their appendix the offer of proof which is merely a written statement signed by defendants’ attorney which outlines defendants’ version of their product and sales program.
From defendants’ offer of proof it does not clearly appear that a purchaser of any of defendants’ motivational courses — called Adventures I, II, III, and IV by defendants — necessarily receives the right to sell any of the courses to others or that any such right or opportunity is held out by defendants or their agents as an inducement to a prospective purchaser. These are critical factual issues on which the application of Section 849.091 depends. The statute provides that an essential element of the prohibited conduct is a “ . . . plan or device (which) includes any provision for the increase in such membership through a chain process of new members securing other new members and thereby advancing themselves in the group to a position where such members in turn receive fees, dues, or things of material value from other members. .” (Emphasis added.) It does not appear to us that the evidence on these critical issues was such that we can hold that the trial judge abused his discretion in denying the temporary injunction. Gallagher v. Automated Building Components, Inc., Fla.App.1966, 193 So.2d 445.
We express no view on the bedrock issue which must ultimately be decided by the trial court, and that is whether or not the operation of the defendants does in fact violate F.S. Section 849.091, F.S.A. For us to do so now would be premature in view of the incomplete record presently before us and the fact that the trial judge has not had an opportunity to finally dispose of the issue.
For the foregoing reasons the order appealed from is affirmed.
CROSS, J., and MELVIN, WOODROW M., Associate Judge, concur.